# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

VENTURE SOLUTIONS, LLC,

        Plaintiff,

v.                                         Case No. 21-12999

MICHAEL MEIER and
CHRISTOPHER WILLIAMS,

        Defendants.

_____/

## OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, SUSTAINING IN PART AND OVERULING IN PART PLAINTIFF'S OBJECTIONS THERETO, AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' AMENDED COUNTERCLAIM

Plaintiff Venture Solution, LLC filed a motion to dismiss Defendants Michael Meier and Christopher Williams's Amended Counterclaim (ECF No. 16), which was referred to Magistrate Judge Curtis Ivy, Jr. (ECF No. 21). The Magistrate Judge has recommended that Plaintiff's motion be granted as to the minority shareholder claim and the non-parties, but denied as to the claims of breach of contract, promissory estoppel, unjust enrichment, and wrongful discharge against Plaintiff. (ECF No. 25.)

Plaintiff filed two objections to the Report and Recommendation ("R&R"). (ECF No. 26.) Defendants have responded to Plaintiffs' objections. (ECF No. 27.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). For the reasons provided below, the court will sustain in part and overrule in part Plaintiff's objections to the R&R.

## I. BACKGROUND

### A. Defendants' Allegations

Defendants entered into an agreement with Schwarz Partners ("Schwarz"), TransCorr, LLC ("TransCorr"), and TC Holding Company ("TC Holding") to be the President and Vice President of a newly formed enterprise in November 2014, which later became Plaintiff Venture Solution LLC. (ECF No. 13, PageID.161, ¶¶15-18.) In September and October 2014, Defendants' signed employment agreements with TransCorr, which contained the following paragraph:

> Finally[,] we would like to note that this offer anticipates that between your start date and January 1, 2015[,] you and TransCorr will transition your employment arrangement with TransCorr to employment with a separate subsidiary of TransCorr, LLC[,] with which you will have a more detailed executive employment agreement providing for or contemplating, among other things, your equity ownership in that new equity, a detailed executive bonus plan, an equity incentive plan, and an incentive unit award agreement.

(ECF No. 13, PageID.162, ¶20; ECF No. 13-1, PageID.174,176.)

Through a term sheet developed together and subsequent discussions, Schwarz Partner, TransCorr, and TC Holding, and Defendants agreed and understood that Defendants had the opportunity to own up to 50 percent of Plaintiff. (ECF No. 13, PageID.162, ¶¶21-23.) However, until Defendants' employment ended, the plan was not executed. On July 13, 2020, Tom Bennet, a principle of Schwartz Partners, emailed Defendants that the tax forms for partners' share of income were not needed in 2019, but that the partnership would be solidified in 2021 at Plaintiff's 2019 valuation. (*Id.*, PageID.162-63, ¶23; ECF No.13-3, PageID.184.) Bennet went on to say, "I, and the Schwartz's, and obviously the whole Venture management team value our partnership very much and we are grateful for the team and operation you have built. Please always

let me know how I can help you continue to grow the business!" (ECF No. 13, PageID.163, ¶25; ECF No.13-3, PageID.184.)

Then, in March 2021, Bennet wrote in an email to Defendants, carbon copying Greg Eddys, President of Venture Logistics:

> . . . Greg told me your personal tax accountants are looking for some information relating to your "profit interest" in Venture Solutions. So, I know we have talked about this topic numerous times over the years and for one reason or another, never got anything actually formalized. . .
>
> . . . .
>
> More importantly, I am rethinking how we make good on our initial promise to you guys for you to participate personally in Venture Solutions' past and future successes. The profits interest plan can be very cumbersome for a number of reasons, which I can explain in a phone call very soon. Instead, what I have been working on in the last week is a Stock Appreciation Plan, which has a lot of the same characteristics but a lot more flexibility. We have utilized a similar plan for some executives in the bigger Schwarz organization and it has worked well. Most importantly for you guys, you are your families will still be able to participate in the Venture health insurance plan, but would be ineligible as "owners" in a profits interest plan.
>
> Anyway, your continued patience is appreciated, and I promise we'll bring this to a discussion to a conclusion very soon.

(ECF No. 13-4, PageID.187-88; ECF No. 13, PageID.163, ¶24.)

Defendants claim they brought their expertise and customers to Plaintiff. (*Id.*, PageID.162, ¶19.) In seven years, Defendants grew Plaintiff into a company with $120 million in annualized revenue and a net income of more than $17 million. (*Id.,* PageID.163, ¶26.) However, in 2021, Defendants' employments were terminated. (*Id.* PageID.164, ¶36.)

## B.  The Magistrate Judge's Findings

At issue are Defendants' claims of breach of contract, promissory estoppel, unjust enrichment, and wrongful termination against Plaintiff, with respect to which the

3

Magistrate Judge has recommended that the court deny Plaintiff's motion to dismiss under Rule 12(b)(6). (ECF No. 25, PageID.370-72.) As to the first three claims, the Magistrate Judge concluded that Defendant plausibly pled Plaintiff's involvement in a valid contract with or an actionable promise to Defendants through its closely associated persons and/or entities. (*Id.*, PageID.375, 378-81.) Additionally, the Magistrate Judge found that Defendants timely asserted these claims within the statutes of limitation of the alleged wrongdoings. (*Id.*, PageID.381-82.) For their wrongful termination claim, the Magistrate Judge determined that Defendants sufficiently pled for-cause employment. (*Id.*, PageID.383-84.)

Plaintiff objects to these findings in the Magistrate Judge's R&R. (ECF No. 26.)

## II.   STANDARD

### A.   Reviewing the Magistrate Judge's Report and Recommendation

The filing of timely objections to an R&R requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also *United States v. Raddatz*, 447 U.S. 667, 673-74 (1980); *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). This de novo review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and

4

legal—that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

### B. Motion to Dismiss under Rule 12(b)(6)

A counterclaim survives a motion to dismiss when it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In evaluating Plaintiff's motion to dismiss, the court "must accept the [counterclaim]'s well-pleaded factual allegations as true, construe the [counterclaim] in the light most favorable to [Defendants], and draw all reasonable inferences in [their] favor." *Luis v. Zang,* 833 F.3d 619, 626 (6th Cir. 2016) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).

### III. DISCUSSION

### A. Objection No. 1

Plaintiff objects to the Magistrate Judge's recommendation to not dismiss Defendants' breach of contract, promissory estoppel, and unjust enrichment claims under Rule 12(b)(6). It argues: (1) The Magistrate Judge erred in finding that Plaintiff was a party to the alleged contract and/or promise; (2) The Magistrate Judge erred in finding the existence of a valid contract or a "clear and definite" promise upon which Defendants reasonably relied; (3) The Magistrate Judge failed to address Plaintiff's

unjust enrichment arguments; and (4) The Magistrate Judge erred in finding that Defendants' claims were not barred by the statute of limitations.

### 1. Breach of Contract and Promissory Estoppel Claims

Under Michigan law,[1] a breach-of-contract claim against Plaintiff requires allegations that it was a party to the contract at issue. *See Hallett v. Gordon*, 128 Mich. 364, 365 (1901). And for a promissory estoppel claim, Defendants must sufficiently plead that Plaintiff made a promise to them concerning the alleged obligations. *Parkhurst Homes, Inc. v. McLaughlin*, 187 Mich. App. 357, 361 (1991). Here, the counterclaim's well-pleaded allegations and attached exhibits sufficiently paint the relationships between Schwarz, TransCorr, TC Holding, and Plaintiff to allow a reasonable inference that they are integrated or otherwise authorized to act on each other's behalf. Specifically, TransCorr's offer letters to Defendants indicated that their employment would be transferred to Plaintiff. And, after Plaintiff had been incorporated,[2] Bennet, a Schwarz principal, responded to Defendants' concern about Plaintiff's benefit program, expressed gratitude and support to Defendants on behalf of "the whole Venture [(i.e., Plaintiff)] management team," and suggested a plan to allow Defendants

---

[1] The Magistrate Judge applied Michigan law, to which there is no objection.
[2] The fact that the alleged agreements or promises were made before Plaintiff was duly organized is not dispositive. Under Michigan law, "[a] corporation will be held liable for preincorporation contracts made by the promoters or incorporators if the corporation subsequently ratifies or adopts the contracts, and the promoters will not be held liable." *Medco Health Care Servs., Inc. v. Bragg*, No. 174335, 1996 WL 33364162, at *1 (Mich. Ct. App. May 28, 1996) (citing *Henderson v. Sprout Bros., Inc.*, 176 Mich. App. 661, 440 N.W.2d 629, 634 (1989)) ("[A] corporation may be liable on preincorporation contracts of promoters or incorporators if these contracts are ratified or adopted by the corporation. *Michigan Trust Co. v. Herpolsheimer*, 256 Mich. 589, 598–600, 240 N.W. 6 (1932)") and *Campbell v. Rukamp*, 260 Mich. 43, 244 N.W. 222, 223 (1932) ("Had the proposed corporation been duly organized and the purchase contract ratified then" the promoters could not be held personally liable on the contract.)).

and their families to participate in Plaintiff's health insurance plan. Accordingly, the Magistrate Judge did not err in finding that the counterclaim plausibly pleads Plaintiff's involvement in the alleged promise to Defendant.

Plaintiff also takes issue with the Magistrate Judge's finding that the counterclaim plausibly pleads a valid contract or a "clear and definite" promise. As noted by the Magistrate Judge, Plaintiff first raised these arguments in its reply brief. Under long-standing Sixth Circuit precedents, they are waived:

> Raising the issue for the first time in a reply brief does not suffice; reply briefs reply to arguments made in the response brief – they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration. Further the non-moving party ordinarily has no right to respond to the reply brief, at least not until oral argument. As a matter of litigation fairness and procedure, then, we must treat [such issues] as waived.

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (citation omitted) (alteration in original); *see also United States v. Lopez-Medina,* 461 F.3d 724, 743, n.4 (6th Cir. 2006) (declining to consider arguments raised for the first time in a party's reply brief) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)).

In any case, the Magistrate Judge did not err in finding that the counterclaim plausibly alleges the existence of an agreement or a promise that can be relied upon by Defendants. At this juncture, Defendants are only required to show plausibility, not factual certainty. *Iqbal*, 556 U.S. at 678. Here, the counterclaim plausibly alleges an express intent to give Defendants ownership interests in Plaintiff, communicated to them through offer letters, a term sheet, and subsequent discussions with Plaintiff's presumed agents. In consideration of and reliance on such manifestation of intention, Defendants accepted their employment with Plaintiff and continued working on it for years, during which they used their expertise to build Plaintiff into a successful

7

business. Relying on "its judicial experience and common sense" in assessing the plausibility of Defendants' allegations, the court finds no errors on the Magistrate Judge's part. *Id.* at 662.

### 2. Unjust Enrichment Claim

Plaintiff does not quarrel with Magistrate Judge's conclusion that Defendants can raise an unjust enrichment claim in the alternative of their breach of contract claim. However, Plaintiff claims that the Magistrate Judge failed to address its argument that it was not unjustly enriched by Defendants because it did not fail to pay them salary and benefits. (ECF No. 26, PageID.420-21.) However, that argument is premised on finding insufficient allegations of Plaintiff entering into any valid contract with or making any clear and definite promise to Defendants, which is not the case as correctly determined by the Magistrate Judge.

Further, Plaintiff has offered no authority to support its assertion that a claim for unjust enrichment must be based on "extraordinary benefits," which cannot be those gained through an employee's expertise. (ECF No. 16, PageID.242; ECF No. 26, PageID.421.)[3] The court is aware of none. Accordingly, the Magistrate Judge did not err in disregarding this undeveloped argument. *United States v. Williams,* 544 F.3d 683, 690 (6th Cir. 2008) (holding that arguments are waived when an appellant "fail[s] to develop or support his argument with any legal authority"); *United States v. Lockett*, 359 F. App'x 598, 613 (6th Cir. 2009) ("[Defendant's] failure to cite any specific authority for his assertions . . . is another ground for refusing to entertain those assertions.") (citation

---

[3]   Plaintiff also invited the court to decide what is "extraordinary." (ECF No. 16, PageID.242.) At this stage, such a question of fact is unsuited for a determination on a Rule 12(b)(6) motion.

8

omitted); *McPherson v. Kelsey*, 125 F.3d 989, 996 (6th Cir. 1997) (citation omitted) (alteration in the original omitted) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones.")

Because Plaintiff has failed its "burden of proving that no [unjust enrichment] claim exists," *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), the Magistrate Judge correctly found that Defendants's unjust enrichment claim survives dismissal under Rule 12(b)(6).

### 3. Statute of Limitations

Plaintiff also objects to the Magistrate Judge's finding that Defendants' claims of breach of contract, promissory estoppel, and unjust enrichment were not barred by the statute of limitations. Rule 12(b)(6), under which Plaintiff's motion is brought, "is generally an inappropriate vehicle for dismissing a claim based upon a statute of limitations." *Engleson v. Unum Life Ins. Co. of America*, 723 F.3d 611, 616 (6th Cir. 2013) (citing *Caltado v. U.S. Steel Corp.*, 676 F.3d 542, 548 (6th Cir. 2012)). This is because a claimant "has no obligation under rule 8 to plead compliance with the statute of limitations." *Michalak v. LVNV Funding, LLC*, 604 F. App'x 492, 493 (6th Cir. 2015) (citing *Jones v. Bock*, 549 U.S. 199, 212-15 (2007)). "Instead, the burden of pleading, and proving, the affirmative defense . . . rests with the defendant." *Id.*

"Dismissal can be appropriate, though, if the 'allegations in the [counterclaim] *affirmatively* show that the claim is time-barred.'" *Id.* (emphasis in original) (citing *Cataldo*, 676 F.3d at 547). Put differently, a statute of limitations challenge here would

9

be "susceptible to resolution" if Defendants "affirmatively plead[] [themselves] out of court." *Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014).[4] Here, that was not done. Defendants do not allege any specific date of when the contract was breached or when the equitable claims accrued, and they are not required to do so.

"Where a [claimant] does not affirmatively plead himself out of court. . ., a statute of limitations challenge is prematurely raised in a motion to dismiss." *Mingo v. Fed Cmty.,* 484 F. Supp. 3d 506, 510 (E.D. Mich. 2020) (Cox, J.). Consequently, the court will deny Plaintiff's statute-of-limitation argument as being premature. *Id.* at 511 (citing *Rembisz*, 590 F. App'x at 504).

### B.  Objection No. 2

In its second objection, Plaintiff argues that the Magistrate Judge erred in finding that Defendants plausibly plead that they were not employed at will. Plaintiff is correct.

"Generally, and under Michigan law by presumption, employment relationships are terminable at the will of either party." *Lytle v. Malady,* 458 Mich. 153, 163 (1998) (citing *Lynas v. Maxwell Farms,* 279 Mich. 684, 687 (1937)). This "presumption of employment at will can be rebutted so that contractual obligations and limitations are imposed on an employer's right to terminate employment." *Id.* (citing *Toussaint v. Blue Cross & Blue Shield of Michigan,* 408 Mich. 579 (1980)). To overcome the presumption of employment at will, Defendants must establish "either a contract provision for a definite term of employment, or one that forbids discharge absent just cause." *Id.* (citing *Rood v. General Dynamics Corp.,* 444 Mich. 107, 117 (1993)).

---

[4] In fact, a claimant "need not respond to a motion to dismiss with affirmative matter raising a triable issue of fact on affirmative defense." *Rembisz*, 590 F. App'x at 504.

10

Here, the counterclaim merely states that "[a]s officers of [Plaintiff,] [Defendants'] employment was not terminable at will, and job security was one of the implied terms in the employment agreements." (ECF No. 13, PageID.170.) However, such conclusory allegations masquerading as facts do not suffice. Here, Defendants do not allege that Plaintiff promised, orally or in wiring, employment for a definite term. Nor do they claim that Plaintiff promised termination only for just cause.[5] As such, the counterclaim fails to allege facts sufficient to assert a contractual relationship for "just cause" employment.

Accordingly, the court will sustain Plaintiff's objection and reject the Magistrate Judge's recommendation to deny Plaintiff's motion to dismiss as to Defendants' wrongful discharge claim.

## IV. CONCLUSION

IT IS ORDERED that Plaintiff's objections (ECF No. 26) are SUSTAINED IN PART AND OVERRULED IN PART. Specifically, Plaintiff's Objection 1 is overruled in its entirety, and Objection 2 is sustained.

IT IS FURTHER ORDERED that the Magistrate Judge's June 22, 2022 Report and Recommendation (ECF No. 25) is ADOPTED IN PART AND REJECTED IN PART.

---

[5] The court disagrees with the Magistrate Judge's finding that "[t]he term sheet attached to the countercomplaint contemplates for-cause employment." (ECF No. 25, PageID.384.) To the contrary, that document contemplates the ability to terminate Defendants' employment "for any reason other than 'cause'" by considering payments to Defendants in such events. (ECF No. 13-2, PageID.179.) *See Moran v. Risser*, No. 304281, 2013 WL 6693198, at *3 (Mich. Ct. App. Dec. 19, 2013) (finding that Defendant "clearly did not promise plaintiff that the contract was terminable only for 'just cause'" because "[a]lthough the contract refers to the board's discretion to terminate the agreement for just cause as one basis for early termination of the agreement, the contract also provides the board with discretion to terminate the contract 'for any other reason not specified' in the 'just cause' paragraph.")

IT IS FURTHER ORDERED that Plaintiff's Motion to Dismiss Defendants' Amended Counterclaim (ECF No. 16) is GRANTED IN PART and DENIED IN PART. In accordance with the Magistrate Judge's R&R, as modified by this Opinion and Order, Counts I, II, and III against joined non-parties, and Counts IV and V in their entirety are DISMISSED. Defendants have three remaining claims against Plaintiff: breach of contract (Count I), promissory estoppel (Count II), and unjust enrichment (Count III).

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated:  October 28, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 28, 2022, by electronic and/or ordinary mail.

                                              s/Lisa G. Wagner
                                              Case Manager and Deputy Clerk
                                              (810)292-6522

S:\Cleland\Cleland\NTH\Civil\21-12999.VENTURE.ObjectiontoRR.NH.docx